UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06312-SVW-JC | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Christy Roberg et al. v. One Day Doors and Closets, Inc. et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DENYING MOTION FOR SUMMARY JUDGMENT [32] AND EX PARTE APPLICATION TO COMPEL DEPOSITIONS [38]

Before the Court is (1) a motion for summary judgment filed by Defendants One Day Doors & Closets, Inc., One Day Enterprises, LLC, Casablanca Design Center, Inc., Interior Door & Closet Company, One Day Direct, LLC d/b/a One Day Sacramento, Dairl Johnson, David Winter, Adam Matsumura, and Glenn Johnson; and (2) an *ex parte* application filed by Plaintiff Christy Roberg and Austin Doors & Closets to compel Defendants' depositions. Trial in this matter is set to commence in slightly over two weeks and the pretrial conference is to occur in approximately one week.

Defendant seeks summary judgment on several of its affirmative defenses: "Failure to State a Cause of Action," "Absence of Proximate Cause," "Waiver and Relinquishment," and "No Actual Injury or Damage." However, though styled as a summary judgment motion, Defendants' motion only addresses the substantive law at a superficial level. Instead, it is largely premised on a discovery dispute. Specifically, Defendants allege that Plaintiffs have failed to comply with various discovery obligations and that judgment or dismissal is therefore appropriate pursuant to Fed. R. Civ. P. 37(c)(1). For example, Defendants contend that Plaintiffs never made Fed. R. Civ. P. 26(a)(1) disclosures and that Plaintiffs failed to preserve highly relevant bank account statements, QuickBooks documents and other financial records. *See* Mot. at 6, 9.

Plaintiffs do not dispute certain portions of Defendants' motion, and instead claim that Defendants failed to engage in the requisite meet-and-confer process. Plaintiffs' opposition does address their Rule 26 disclosures, but Plaintiffs state that "they were deposed on [the financial records] and under oath confirmed that they do not have access to either the QuickBooks or bank account statements." *See* Mot., Exhibit 34-2, p. 84.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06312-SVW-JC | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Christy Roberg et al. v. One Day Doors and Closets, Inc. et al.* | | |

Furter, Plaintiffs contend that, on May 5, they noticed the depositions of Defendants' Rule 30(b)(6) deponent and three individual defendants for May 24–26, which were to be taken at Plaintiffs' counsel's office in Newport Beach, CA. *See* Maralan Decl. ¶ 2. Plaintiffs contend that Defendants never objected to the depositions until June 3, 2022, *id.* ¶ 3, but that the sole question now at issue is the depositions' location.

Defendants explain that three of the potential deponents reside in Placer County, CA, which over 400 miles away from Newport Beach, CA. The fourth, Mr. Johnson, resides in Los Angeles, and is available for deposition. Moreover, Defendants' opposition to the *ex parte* explains that "[t]here is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because] while plaintiffs bring the lawsuit and... exercise the first choice as to the forum, [t]he defendants, on the other hand, are not before the court by choice." *See Fausto v. Credigy Serv. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) (internal quotation marks and citation omitted). Plaintiffs cite no authority to the contrary.

Finally, Defendants' opposition explains a sequence of various settlement negotiations, discussions about discovery between the parties, and attempts to schedule depositions. To the extent the parties' filings present discovery disputes set for hearing only a week before trial in this matter, the motion and *ex parte* are denied. The filings are untimely, a point best illustrated by the case's procedural history: trial in this matter was set for May 3, 2022 in November 2021. *See* ECF No. 28. There were no filings in the matter until March 2022, when the parties notified the Court that Defendant's Rule 30(b)(6) deponent was unavailable for deposition and trial because of health concerns. *See* ECF No. 30. The Court granted a two-month continuance until July 5, 2022. *See* ECF No. 31. After two more months, Defendants filed the instant motion, *see* ECF No. 32, and Plaintiffs filed their *ex parte* after another two weeks. *See* ECF No. 38. Again, the Court notes that the pretrial conference is only a week away.

Notably, there have been no motions to compel, requests for a status conference, nor any other indication that the parties have been in the throes of a discovery dispute. It does not appear that the parties faced any discovery issues at the time the Court granted an initial continuance in March 2022. Yet, on the eve of trial, the parties come before the Court alleging various discovery abuses. With the limited record before the Court, the Court declines to grant Defendants' summary judgment motion[1] and

---

[1] As to the merits of Defendants' motion, Plaintiffs' opposition is somewhat difficult to understand. Without squarely addressing the issue, Plaintiffs appear to suggest that their damages are the $70,000 that Christy Roberg invested into the business and testified to in her deposition. *See* Opp'n at 7. Thus, to the extent that these funds constitute damages incurred in

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06312-SVW-JC | Date | June 17, 2022 |
|---|---|---|---|
| Title | *Christy Roberg et al. v. One Day Doors and Closets, Inc. et al.* | | |

Plaintiffs' *ex parte* application. The Court sees no reason why Plaintiffs could not depose Mr. Johnson in Los Angeles, and why, if location poses so great a barrier to the parties, the depositions could not proceed via Zoom. The Court will address the parties' remaining issues and determine whether exclusion of evidence is warranted in light of any non-disclosure at the pretrial conference.

    **IT IS SO ORDERED.**

---

reliance on Defendants' misrepresentations, Christy Roberg's deposition testimony creates a factual issue pursuant to Fed. R. Civ. P. 56.

                                                                                       :

Initials of Preparer      PMC